# In Re Account of Commonwealth Trust Co., Trustee (No. 2).

Argued Oct. 23, 1914. Appeal, No. 219, Oct. T., 1914, by Annie E. Copeland, from decree of C. P. Allegheny Co., July T., 1913, No. 140, in equity, dismissing exceptions to report of auditor in re account of Commonwealth Trust Company of Pittsburgh, Trustee under deed of Orlando M. Harper and Kathleen T. Harper, his wife. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Account of Commonwealth Trust Company of Pittsburgh, trustee.

Exception to report of distribution of J. Houston Johnston, auditor.

The facts appear by the opinion of the Supreme Court and in the report In re Account of Commonwealth Trust Company of Pittsburgh, Trustee (No. 1), 247 Pa. 508.

The court dismissed the exceptions. Annie E. Copeland appealed.

*Error assigned* was in dismissing exceptions to auditor's report.

*Ralph Longenecker,* with him *John G. Buchanan* and *Gordon & Smith,* for appellant.

*Frederic W. Miller,* for appellee.

Opinion by Mr. Justice Potter, January 2, 1915:

It is here contended on behalf of Mrs. Annie E. Copeland, that the court below erred in not awarding to her, out of the trust fund in question, the whole of her claim. We have just filed an opinion in the appeal of Mrs. Harper from the same decree of the court below, in which we held, that the present appellant is entitled to no part of the trust fund. Her counsel seem to have overlooked the fact that the fund in which they seek to have their client share, was and is, a gift in trust, created by the donor for certain specific beneficiaries, among whom Mrs. Copeland is not to be classed. She is the holder of a second mortgage upon New York property, given to secure a loan, into the consideration for which, the trust fund here in question, did not enter. The security for the loan which she made, was the second mortgage upon the New York property, and the bond accompanying it. The gift in trust, was not within the contemplation of the parties, as forming any part of the security. Nor does her claim come within the terms

upon which the trustee was in any event to be permitted to use the proceeds of the trust property in making payment, for its action in that respect was limited to the payment and discharge of encumbrances which were liens upon the New York property at the time when the trust deed was executed or which became such within one year from that date. Other reasons for holding that this appellant cannot participate in the trust fund are given in the preceding opinion. Counsel in this case have expended much effort, in the elaboration of well established principles of the doctrine of subrogation, which have however, no proper application to the circumstances of this case.

The assignments of error are overruled, and the decree of the court below is affirmed, except in so far as it has been modified by the opinion filed at No. 212, October Term, 1914, (In re Account of Commonwealth Trust Co., Trustee, 247 Pa. 508), in which it was held that this appellant is entitled to no part of the trust fund. This appeal is dismissed, at the cost of appellant.